LEWIS FISHER *vs.* RICHARD DEWERSON & another.

A covenant by tenants in common, that a certain parcel of their land shall be occupied in common, as a yard, by them and their heirs and assigns for ever, is no bar to a petition for partition of that parcel. In such case, neither party can maintain a plea of sole seizin ; and the right of occupation will remain, after partition, as it existed before.

A tenant in common, who has not been actually ousted, can maintain a petition for partition, although he may, for the sake of a remedy, have elected to consider himself disseized, and brought a writ of entry against his cotenant, counting on a disseizin by him.

THIS was a petition for partition of a parcel of land in Boson, of one undivided moiety of which the petitioner alleged that he was seized in fee simple and in possession.

The parties agreed that the petition should be granted or dismissed, according to the opinion of the court on the following facts : The parcel in question is part of a tract of land which descended in five equal parts to David W. Jones, Jonathan Jones, Martha Jones, Hepzibah Jones, and Nancy Jones.

On the 21st of March 1809, said Jonathan Jones, by quit claim deed, conveyed all his right in said descended estate to said Hepzibah Jones. On the 26th of April 1809, said Nancy Jones obtained by quitclaim deed all the interest in said descended estate which belonged to said David W. Jones and Martha Jones, and on the same day, by her deed of quitclaim, conveyed to said Hepzibah her interest in two parcels of said descended estate, not including the parcel of which partition is now sought. In that deed, said last mentioned parcel was referred to [in the terms hereinafter stated in the opinion of the court] as owned in common by said Nancy and Hepzibah.

On the 29th of April 1811, said Nancy Jones conveyed all her interest in said descended estate, by deed of quitclaim, to said Hepzibah Jones ; and on the 15th of April 1830, said Hepzibah conveyed all her interest in the same estate to Dewerson, one of the respondents. Said Hepzibah afterwards married said Dewerson, and has since died. After her death, Dewerson conveyed the parcel, of which partition is now

sought, to David W. Jones, the other respondent, reserving to himself a life estate therein.

On the 20th of July 1810, Fisher, the petitioner, attached all said Nancy Jones's right in said descended estate, including the parcel described in his petition, on a writ returnable and returned to the court of common pleas in the county of Norfolk, in September 1810 ; obtained judgment against said Nancy at the following April term of said court ; took out execution thereon, April 29th 1811 ; and satisfied the same by a levy, on the 25th of May following, upon an undivided moiety of the land and estate described in his said petition.

In 1817, the petitioner sued out, and entered in the Boston court of common pleas, a writ of entry against said Hepzibah, wherein he demanded possession of the aforesaid undivided moiety of the estate described in his petition, and said Hepzibah pleaded thereto that she was not tenant of said moiety. To this plea the petitioner replied that she was tenant thereof. At August term 1818 of said court, said Hepzibah was defaulted in said suit, judgment was rendered against her, and a writ of *habere facias* was issued, and was executed by a proper officer, who delivered to the petitioner peaceable possession of said undivided moiety.

On the 3d of January 1838, the petitioner went upon the land in question and there told the respondent Dewerson, that he owned it, or a part of it, and that he came to take possession ; and he there declared, in presence of two witnesses, that he did take possession. Dewerson replied, " it is my estate, and no one else has a right to it." The petitioner thereupon said he would take such a course as would establish his rights.

Said Fisher, the petitioner, on the 1st of May 1838, sued out a writ of entry, returnable at the court of common pleas next following, wherein he demanded of said Dewerson possession of said undivided moiety, and averred that Dewerson had disseized him thereof. Issue was joined on this plea, and upon a trial a verdict was returned that said Dewerson had not disseized said Fisher. From the judgment on said verdict, said Fisher

appealed to the supreme judicial court, duly entered his appeal, and thereupon immediately became nonsuit.

*Peabody*, for the petitioner.

*S. D. Parker*, for the respondents.

WILDE, J. The only question of title of any doubt arises from a deed of conveyance from Nancy Jones to her sister Hepzibah Jones, from whom the parties respectively derive their titles. Unless Hepzibah took some estate in the premises, by virtue of this conveyance, or unless it operates by way of estoppel to the petitioner's claim for partition, it is very clear that the respondent cannot maintain the defence. It appears by the deeds, and the statement of the case, that Nancy Jones had a valid title to three fifths of the premises, and that her right therein was attached by the petitioner, and afterwards execution was extended on an undivided moiety, within 30 days after judgment, according to law. Some objection was made to the form of the execution, which, however, appears to be unfounded. If the debtor's right in a part of the premises had been taken, and set out by metes and bounds, the levy might have been avoided by the other tenants. The principal question therefore is, whether the petitioner is estopped, by the deed of the said Nancy, to set up his present claim. By that deed she conveyed to her sister Hepzibah two parcels of land adjoining the premises now in dispute, and in the granting and descriptive part of the deed is the following clause : " Easterly on land owned, and to be occupied in common as a yard, by the said Hepzibah, and me the said Nancy, our heirs and assigns for ever."

Whether this clause will amount to a covenant that the premises should be occupied in common as a yard, or will estop the parties to set up a claim inconsistent with such an occupation, is a question which is not material in the present suit. For if the parties would be thus estopped, still their respective rights and interest in the soil would remain unchanged. Neither party can maintain a plea of sole seizin. Partition therefore must be awarded, unless it can be shown that partition would be inconsistent with the common occupation of the premises as a yard — supposing the parties to be entitled, by covenant or estoppel, to

the privilege of such an occupation. And we think no such inconsistency exists. Neither party can be prejudiced in this respect by the partition. If the respondent has any such right, it will not be impaired by the partition. The right of occupation will remain, but it will only be a right of occupation, or an easement, which cannot be set up in defence to a suit for partition, or in any real action. It is very true that if the respondent has a right of occupation in common, it will render the partition less beneficial to the petitioner ; but it cannot prejudice the respondent. The petitioner may have a cellar in the prem ises without disturbing the common occupation ; and if he car make no beneficial use of his property, he has a right to main tain his suit in order to establish his title, which, it seems, has been questioned ; for although the petitioner recovered judgment against Hepzibah Jones, yet after her marriage with the respondent, he denied the petitioner's title : And an action being brought by him against the respondent, the plaintiff, for some cause which does not now appear, became nonsuit : So that it becomes necessary for him to assert his title to the premises ; and if judgment should be rendered for the respondent, on his plea that the petitioner is not seized in common, as alleged in the petition, it would bar his possessory right. It is not therefore material, whether the partition will be beneficial or not to the petitioner, should the respondent make good his right to the occupation of the yard in common with the petitioner. The question, now to be determined, is a question of title, and that is made out clearly as alleged in the petition.

It has been argued that the petitioner has been disseized, and that this is a good bar to the present suit. But there is no evidence of an actual ouster. In 1838, a dispute arose between the parties about their respective titles, and the petitioner commenced an action against the respondent, by which he elected to consider himself disseized for the sake of his remedy ; but this does not bind him in the present suit. And as there is no proof of an actual ouster, 't seems very clear that the petitioner is en titled to judgment.